1
2
3
4
5                   **IN THE UNITED STATES DISTRICT COURT**
6                      **FOR THE DISTRICT OF ARIZONA**
7
8    Christopher Michael Norris,                No. CV-25-08039-PCT-SMB (DMF)
9                      Petitioner,
10   v.                                         **REPORT AND RECOMMENDATION**
11   Ryan Thornell,
12                      Respondent.
13

14   **TO THE HONORABLE SUSAN M. BRNOVICH, UNITED STATES DISTRICT**
15   **JUDGE:**

16           This matter is on referral to the undersigned United States Magistrate Judge for
17   further proceedings and report and recommendation pursuant to Rules 72.1 and 72.2 of the
18   Local Rules of Civil Procedure (Doc. 4 at 3).[1]

19           On February 24, 2025, counsel for Petitioner Christopher Michael Norris
20   ("Petitioner") filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a
21   Person in State Custody (Form AO 241)" (Doc. 1) directed to Petitioner's convictions and
22   sentences in Yavapai County Superior Court case number P1300CR201301146, in which
23   Petitioner was sentenced to concurrent and consecutive terms of imprisonment resulting in
24   fifty-two (52) years of imprisonment (*Id.* at 2). Petitioner's counsel simultaneously filed a
25   Memorandum in Support of Petition for Habeas Corpus (Doc. 2), which includes as
26   exhibits some of the record materials in and transcripts of Petitioner's state court

27   _____
     [1] Citation to the record indicates documents as displayed in the official electronic document
28   filing system maintained by the United States District Court, District of Arizona, under
     Case No. CV-25-08039-PCT-SMB (DMF).

proceedings (Doc. 2-1).  The two filings initiating this matter are referred to herein as the "Petition" (Docs. 1, 2).  The Petition names Ryan Thornell, Director of the Arizona Department of Corrections, Rehabilitation, and Reentry, as Respondent (Docs. 1, 2).  In the Petition, Petitioner raises one ground for relief, asserting he received ineffective assistance of counsel. (*Id.*).

On March 17, 2025, the Court ordered Respondent to answer the Petition (Doc. 4).

On April 22, 2025, Respondent filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer"), in which Respondent argues that the Petition was untimely filed and that the Petition's sole claim was procedurally defaulted without excuse (Doc. 7).

On May 22, 2025, Petitioner filed a reply in support of the Petition (Doc. 8).

For the reasons set forth below, it is recommended that the Petition be dismissed with prejudice as untimely, the Clerk of Court be directed to terminate this matter, and a certificate of appealability be denied.

## I.    STATE COURT PROCEEDINGS

### A. Convictions and Sentences in Yavapai County Superior Court Case Number P1300CR201301146

On July 18, 2014, Petitioner entered into a plea agreement in Yavapai County Superior Court case number P1300CR201301146 and pleaded guilty to Counts 2, 3, 5, and 6 of an indictment (as amended) for crimes committed on or about October 9, 2013 (Doc. 2-1 at 4-10, 38-80).

Specifically, Petitioner pleaded guilty to Count 2, Armed Robbery with 2-Prior Historical Felony Convictions, in violation of A.R.S. §§ 13-1904, 13-703, 13-704, 13-301, 13-302, and 13-303, a Class 2 dangerous felony; Count 3, Burglary in the First Degree with 2-Prior Historical Felony Convictions, in violation of A.R.S. §§ 13-1507, 13-1508, 13-703, 13-7004, 13-301, 13-302, and 13-303, a Class 2 dangerous felony; Count 5, Kidnapping with 2-Prior Historical Felony Convictions: Defendant Knowingly Restrained Victim K.S. with the Intent to Aid in the Commission of a Felony, To Wit Armed Robbery, in violation of A.R.S. §§ 13-1304, 13-703, 13-704, 13-301, 13-302, 13-303, a Class 2 dangerous

felony; and Count 6, Aggravated Assault with a Dangerous Instrument with 2-Prior Historical Felony Convictions, as to victim K.S., in violation of A.R.S. §§ 13-1204(A)(4), 13-1203(A)(2), 13-703, 13-704, 13-301, 13-302, and 13-303, a Class 3 dangerous felony (Doc. 2-1 at 4, 47).  These counts carried a total cumulative maximum imprisonment of one hundred twenty (120) years of imprisonment (*Id.* at 5, 51).

The plea agreement provided for deferred sentencing after a period of release from custody during which Petitioner was required to comply with specified obligations (*Id.* at 4-10).  Petitioner's specified obligations during the sentencing deferral period included that Petitioner "shall commit no new law violations" (*Id.* at 7).  The plea agreement provided for an imprisonment sentence (*Id.* at 6) unless Petitioner complied with his deferral period obligations (*Id.* at 6-7).  In addition, the plea agreement provided that if Petitioner complied with the specified obligations during the sentencing deferral period, Petitioner's convictions would be amended to remove the historical priors and dangerousness designations and Petitioner would be sentenced to probation for all the counts of conviction (*Id.* at 6-7).

At Petitioner's July 18, 2014, change of plea hearing (Doc. 2-1 at 38-80), Petitioner was represented by court appointed counsel John Erickson (Doc. 1 at 7; Doc. 2-1 at 7, 39). After colloquy, the superior court found that Petitioner's plea was knowing, voluntarily and intelligent (*Id.* at 69).

Petitioner was in custody at the start of the change of the plea hearing; consistent with the plea agreement, Petitioner was released from custody shortly after the hearing (*Id.* at 38-80).

As Petitioner concedes and as reflected in the record materials submitted by Petitioner, during the sentencing deferral period, Petitioner was charged, convicted, and sentenced to imprisonment in Maricopa County Superior Court case number 2015-151869-001 (Doc. 2 at 6; Doc. 2-1 at 7, 13, 226).  By this commission of a new law violation, Petitioner failed to fulfill all of his obligations during the sentencing deferral period, triggering an imprisonment sentencing hearing pursuant to the plea agreement in Yavapai

County Superior Court case number P1300CR201301146 (Doc. 2 at 6; Doc. 2-1 at 7, 13, 226).

At Petitioner's September 19, 2017, sentencing hearing in Yavapai County Superior Court case number P1300CR201301146 (Doc. 2-1 at 12-16, 218-235), Petitioner was represented by the same appointed counsel who had been appointed to represent Petitioner before the 2014 change of plea hearing, attorney John Erickson ("trial counsel") (*Id.*).  For each Counts 2 and 3, Petitioner was sentenced to twenty (20) year imprisonment sentences to run concurrently to each other and consecutively to Petitioner's imprisonment sentence in Maricopa County Superior Court case number CR2015151869-001 (*Id.* at 13; 231-32). In Yavapai County Superior Court case number P1300CR201301146, Petitioner was also sentenced to twenty (20) years imprisonment for Count 5 and twelve (12) years imprisonment for Count 6, both of which to run consecutively to the imprisonment sentences imposed for Counts 2 and 3 (*Id.* at 14).   The concurrent and consecutive sentences imposed in Yavapai County Superior Court case number P1300CR201301146 resulted in fifty-two (52) years imprisonment to begin after Petitioner's completion of the twelve (12) year imprisonment sentence imposed in Maricopa County Superior Court case number CR2015151869-001 (*Id.* at 233; *see* Doc. 2 at 6).

**B.  Of-Right First Post-Conviction Relief ("PCR") Proceedings**

Respondent concedes that Petitioner filed a timely PCR notice initiating Petitioner's of-right first PCR proceedings (Doc. 7 at 4).  On April 23, 2018, Petitioner's appointed counsel Adam K. Zickerman ("first PCR counsel") filed a PCR petition on Petitioner's behalf in Petitioner's of-right first PCR proceedings (Doc. 2-1 at 18-28; *see id.* 238, ¶ 3). The PCR petition raised one claim: that trial counsel ineffectively represented Petitioner "by allowing [Petitioner] to plead guilty without any established factual basis supporting the elements of the crime" regarding the aggravated assault with a dangerous instrument charged in Count 6 (*Id.* at 18; *see also id.* at 19-28).  On July 12, 2018, Petitioner's first PCR counsel filed an amended PCR petition (*Id.* at 30-87), adding to the ineffective assistance of counsel claim that trial counsel was also ineffective insofar as there was

insufficient factual basis for the kidnapping charged in Count 5 (*Id.* at 34-35).  In arguing ineffective assistance of counsel, first PCR counsel argued that there was insufficient factual basis for the specified convictions (*Id.* at 29-36).

The state responded to the amended PCR petition, and Petitioner's first PCR counsel filed a reply (*Id.* at 89, 259-265).

In early September 2018, the Yavapai County Superior Court denied the amended PCR petition, finding "the factual basis set forth at the change of plea proceedings legally sufficient to establish the offenses to which [Petitioner] plead based on accomplice liability pursuant to Arizona Revised Statutes Sections 13-301 through 13-303" (Doc. 2-1 at 89). The superior court also found that there was no colorable claim of ineffective assistance of Petitioner's trial counsel (*Id.*).  Upon conclusion of the superior court PCR proceedings, Petitioner's first PCR counsel moved to withdraw as attorney of record (*Id.* at 267).

Thereafter, Petitioner filed a pro se petition for review in the Arizona Court of Appeals (*Id.* at 238, ¶ 4; *see id.* at 249).  Although the petition for review is not included in the record before this Court, the court of appeals summarized the five arguments presented in the pro se petition for review:

> (1) actual innocence, *see* Ariz. R. Crim. P. 32.1(h); (2) illegal sentence (enhancement with prior convictions), *see* Ariz. R. Crim. P. 32.1(c); (3) ineffective assistance of counsel for failing to object to the enhanced sentence, *see* Ariz. R. Crim. P. 32.1(a); (4) ineffective assistance of counsel for failing to object to consecutive sentences,  *see id.*; and (5) prosecutorial misconduct based on the allegedly illegal sentence enhancements and consecutive sentences,  *see id.*

(Doc. 2-1 at 238, ¶ 4).

On March 28, 2019, the Arizona Court of Appeals issued a memorandum decision granting review but denying relief to Petitioner (*Id.* at 237-38).  The court of appeals did not address the issues Petitioner raised in his pro se petition for review on the merits "because [Petitioner] did not first present them to the superior court, and a petition for review may not include new arguments not first presented in the petition for post-conviction relief.  Ariz. R. Crim. P. 32.9(c)(4)(B)(ii), (D); *State v. Ramirez*, 126 Ariz. 464,

468 (App. 1980)" (Doc. 2-1 at 238, ¶ 4).  Petitioner concedes that he did not file a petition for review in the Arizona Supreme Court (Doc. 2 at 7).

### C. Second PCR Proceedings

In early 2020, Petitioner filed a pro se PCR petition in the Yavapai County Superior Court ("second PCR petition") (Doc. 2-1 at 91-146).  Petitioner hand-dated the second PCR petition as February 5, 2020, but the second PCR petition was not received for filing by the Yavapai Superior Court until April 28, 2020 (Doc. 2-1 at 91, 94).[2]

In the second PCR petition, Petitioner checked boxes indicating that the reasons for relief included ineffective assistance of counsel at every critical stage of the proceeding, an unlawfully induced guilty plea, the state's use of an unconstitutional sentence, and an unlawful sentence (*Id.* at 92).  In the memorandum included in the second PCR petition, Petitioner raised six claims: (1) that trial counsel was ineffective for advising Petitioner to plead guilty to crimes for which Petitioner maintains his innocence (*Id.* at 95-101); (2) that Petitioner's appointed trial counsel and first PCR counsel were ineffective for failing to review and raise relevant evidence as well as Petitioner's innocence claim (*Id.* at 101-105); (3) that Petitioner's consecutive sentences violated state law and should have been concurrent (*Id.* at 103-05); (4) that Petitioner's two historical priors used to enhance Petitioner's sentences were not properly verified by photographic evidence and, accordingly, Petitioner's trial counsel was ineffective (*Id.* at 105-07); (5) that the state court violated state and federal law set forth in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by accepting a plea agreement in which the state did not prove prior convictions beyond a reasonable doubt and, accordingly, Petitioner's trial counsel was ineffective (*Id.* at 107); and (6) that Petitioner's due process rights were violated because the elements accomplice liability in accordance with state law were not met and, accordingly, Petitioner's trial counsel was ineffective and first PCR

---

[2] Generally, the prison mailbox rule applies to PCR proceedings, making the date the prisoner signed the petition the operative filing date. *Melville v. Shinn*, 68 F.4th 1154, 1159 (9th Cir. 2023) ("'We assume that [Melville] 'turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule.' *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam).'").

counsel was ineffective for failing to raise trial counsel's ineffective assistance of counsel (*Id.* at 109-112).

On May 13, 2020, the superior court denied Petitioner's second PCR petition (*Id.* at 148). As basis for denial, the superior court stated that Petitioner had previously raised the issue of ineffective assistance of counsel; therefore, the court found that the second PCR petition failed to raise a colorable claim for relief (*Id.*).[3]

Petitioner concedes that he did not seek review in the Arizona Court of Appeals of the May 13, 2020, superior court order (Doc. 1 at 3-6).

### D. Third PCR Proceedings

On May 26, 2020, the Yavapai County Superior Court docketed Petitioner's pro se PCR notice, which Petitioner had signed before a notary on May 15, 2020 ("third PCR notice") (Doc. 2-1 at 270-75). The third PCR notice alleged ineffective assistance of Petitioner's first PCR counsel for failing to raise claims including ineffective assistance of Petitioner's trial counsel (*Id.*). On June 2, 2020, the Yavapai County Superior Court appointed attorney Tony Gonzales as counsel for Petitioner pursuant to Ariz. R. Crim. P. 33.6(c) ("second PCR counsel") to address Petitioner's claims of ineffective assistance of counsel (Doc. 2-1 at 257; *see also id.* at 245-55). On August 29, 2020, Petitioner's second PCR counsel filed a notice of no colorable claim (Doc. 2-1 at 245-55). After careful review as laid out in the notice of no colorable claim in compliance with Ariz. R. Crim. P. 33.6(c), determinations by Petitioner's second PCR counsel included that there was not sufficient basis for Petitioner to bring untimely successive PCR proceedings raising ineffective assistance of his first PCR counsel (*Id.*).

In October 2020, Petitioner filed a pro se PCR petition ("third PCR petition") (Doc. 2-1 at 150-92). The portion of the third PCR petition consisting of the PCR petition form

---

[3] The electronic docketing system maintained by the Arizona Judicial Branch reflects that a motion for blood/genetic/DNA testing was filed in the matter on February 12, 2020. *See* https://apps.azcourts.gov/publicaccess/caselookup.aspx (last accessed June 13, 2025). The May 13, 2020, Order also denied Petitioner's request for DNA testing, finding no reasonable probability that a favorable DNA result would have prevented prosecution or altered Petitioner's sentence (Doc. 2-1 at 148).

(*Id.* at 150-53) is nearly identical to the PCR petition form portion of the second PCR petition (*Id.* at 91-94); further, the memorandum portion of the third PCR petition appears to be substantively identical to the memorandum portion of Petitioner's second PCR petition (*Id.* at 154-65; *see id.* at 95-112).  The state responded in opposition to Petitioner's third PCR petition, and no reply was filed (*Id.* at 194).

On April 2, 2021, the superior court denied Petitioner's third PCR petition (*Id.* at 194-95).  The superior court found that Petitioner's ineffective assistance of counsel claims related to trial counsel were precluded based on the superior court's September 2018 denial of Petitioner's first PCR petition (*Id.* at 194; *see id.* at 89).  Further, the superior court found meritless Petitioner's claim that first PCR counsel was ineffective in that first PCR counsel did not read relevant police reports and raise an actual innocence claim; the court observed that the first PCR petition prepared by first PCR counsel set forth a detailed factual basis that likely relied on the police reports (*Id.* at 194).  The superior court also found counsel was not ineffective for failing to raise an actual innocence claim because no facts or authority support such a claim (*Id.*).  The court also found no colorable claim that accomplice liability was not proven, noting the issue was raised and denied in Petitioner's first PCR proceedings (*Id.*).  For Petitioner's claims related to proving his historical priors, the court found no colorable claim because the state need not prove prior convictions set forth in the plea agreement and admitted by the Petitioner on the record (*Id.*).  Also, the court found that Petitioner's consecutive sentences were the result of a correct application of statute to the facts of Petitioner's case because criminal defendants are presumed to be aware of separate punishments for separate crimes and because the version of A.R.S. § 13-708 at the time of Petitioner's offense stated that "the sentence or sentences **shall** run consecutively unless the court expressly directs otherwise" (*Id.* at 194-95) (emphasis in original).  The superior court also noted that Petitioner's commission of a felony offense in Maricopa County during the deferred sentencing period violated the conditions set forth in the plea agreement in the Yavapai County matter (*Id.* at 195).

Petitioner concedes that he did not seek review in the Arizona Court of Appeals of

the April 2, 2021, superior court order (Doc. 1 at 4-6).

### E.  Fourth PCR Proceedings

On June 9, 2022, Petitioner filed his fourth PCR proceedings, this time through his current habeas counsel (Doc. 2-1 at 197-202).  In the fourth PCR proceedings, Petitioner claimed ineffective assistance of trial counsel, ineffective assistance of first PCR counsel, and ineffective assistance of second PCR counsel (*Id.*).  Petitioner acknowledged the untimeliness of the fourth PCR proceedings but asserted the untimeliness should be excused due to ineffective assistance of Petitioner's multiple counsel throughout the proceedings (*Id.* at 198-200).

On September 28, 2022, the superior court denied relief in Petitioner's fourth PCR proceedings, although the order misidentified the then pending PCR proceedings as Petitioner's third PCR proceedings (*Id.* at 204).  The superior court found the claims raised in the fourth PCR proceedings were precluded pursuant Ariz. R. Crim. P. 33.2 and were untimely pursuant Ariz. R. Crim. P. 33.4 (*Id.*).

Petitioner thereafter filed a petition for review in the Arizona Court of Appeals, arguing that the superior court had abused its discretion because Petitioner was raising new issues in his fourth PCR proceedings that had not been previously adjudicated (*Id.* at 242). On April 14, 2023, the court of appeals granted review of the petition but denied relief (*Id.* at 240-43).  The court of appeals reasoned:

> ¶5 On review, [Petitioner] argues the trial court abused its discretion in dismissing his June 2022 notice because he "was raising new issues that had not been previously adjudicated." He asserts that in his third notice he raised a new IAC claim as to trial counsel and was "for the first time raising the issue of the ineffectiveness of his two court appointed Rule 33 attorneys."

> ¶6 As [Petitioner] acknowledges, however, he previously raised claims of ineffective assistance of trial counsel. That being so, " 'the nature of the right allegedly affected by counsel's ineffective performance' is neither determinative nor relevant. Rather, because IAC claims 'cannot be raised repeatedly,' and because our supreme court has expressed 'a strong policy against piecemeal litigation,' 'preclusion is required without examining facts.' " *Swoopes*, 216 Ariz. 390, ¶ 24 (citation omitted) (quoting *Stewart v.*

*Smith*, 202 Ariz. 446, ¶ 12 (2002)).  Thus, the trial court properly concluded [Petitioner]'s claims as to trial counsel were precluded.

¶7 A pleading defendant may challenge counsel's performance in his first, of-right Rule 33 proceeding, but he must do so in a timely filed second proceeding. *State v. Petty*, 225 Ariz. 369, ¶¶ 9-11 (App. 2010); *see also* Ariz. R. Crim. P. 33.4(b)(3)(C). This right, however, "extends to the first appeal of right, and no further." *State v. Pruett*, 185 Ariz. 128, 130 (App. 1995) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). [Petitioner] raised claims of ineffective assistance of first-Rule 33 counsel in his second proceeding, *see Swoopes*, 216 Ariz. 390, ¶ 24, and was not entitled to challenge the effectiveness of his second-Rule 33 counsel, *see Pruett*, 185 Ariz. at 130. The trial court therefore properly rejected these claims as well. *See State v. Roseberry*, 237 Ariz. 507, ¶ 7 (2015) ("We will affirm a trial court's decision if it is legally correct for any reason.").

¶8 [Petitioner] also contends his notice was not untimely because he "was excused for his untimeliness under Rule 33.4(b)(3)(D)." That rule requires a trial court to "excuse an untimely notice requesting post-conviction relief ... if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D). In this case, however, [Petitioner] relied on the above failures of counsel, which, as discussed, are without merit. Therefore, the court did not abuse its discretion in dismissing the notice.

(*Id.* at 242).

Petitioner petitioned for review to the Arizona Supreme Court (Doc. 2-1 at 2).  On November 28, 2023, the Arizona Supreme Court denied the petition for review (*Id.*).

## II.    THESE HABEAS PROCEEDINGS

The February 24, 2025, Petition raises only one ground for relief, that Petitioner's trial counsel was ineffective when he "advised," "allowed and/or induced" Petitioner to enter into a plea agreement when Petitioner maintained his innocence, possessed strong defenses, and was exposed to long sentences under the terms of the agreement (Docs. 1, 2).  Petitioner describes the Arizona Supreme Court's November 28, 2023, denial of review in Petitioner's fourth PCR proceedings as the "final judgment in this matter" (Doc. 1 at 1). Petitioner asserts that the Petition was timely filed because "the Arizona Supreme Court denied review of Petitioner's case on November 28, 2023," purportedly making February

26, 2025, the last day to file for habeas relief in federal court (*Id.* at 14). Also, Petitioner asserts that he has exhausted state court remedies and that his claim is not procedurally barred because Petitioner's previous state PCR counsel "abandoned him and was ineffective," resulting in cause and prejudice (Doc. 2 at 11).

Petitioner included the following materials with his Petition: as Exhibit A, the November 28, 2023, Arizona Supreme Court order denying review in Petitioner's fourth and most recent PCR proceedings (Doc. 2-1 at 2); as Exhibit B, Petitioner's plea agreement (*Id.* at 4-10); as Exhibit C, the September 19, 2017, superior court sentencing order (*Id.* at 12-16); as Exhibit D, Petitioner's first PCR petition (*Id.* at 18-28); as Exhibit E, Petitioner's amended first PCR petition (*Id.* at 30-36), which also included the transcript of Petitioner's July 18, 2014, change of plea hearing (*Id.* at 38-80) and police reports related to the investigation of Petitioner's case (*Id.* at 82-87); as Exhibit F, the superior court September 2018 order denying relief in Petitioner's first PCR proceedings (*Id.* at 89); as Exhibit G, Petitioner's second PCR petition (*Id.* at 91-146); as Exhibit H, the May 13, 2020, superior court order denying relief in the second PCR proceedings (*Id.* at 148); as Exhibit I, Petitioner's third PCR petition (*Id.* at 150-92); as Exhibit J, the April 2, 2021, superior court order denying relief in Petitioner's third PCR proceedings (*Id.* at 193-95); as Exhibit K, Petitioner's June 2022 filing though habeas counsel initiating Petitioner's fourth PCR proceedings (*Id.* at 197-202); as Exhibit L, the superior court order denying relief in the fourth PCR proceedings, (*Id.* at 204); as Exhibit M, another copy of the transcript of the July 18, 2014, change of plea hearing (*Id.* at 206-16); as Exhibit N, the transcript of Petitioner's September 19, 2017, sentencing hearing (*Id.* at 218-35); as Exhibit O, the March 28, 2019, Arizona Court of Appeals memorandum decision granting review but denying relief in Petitioner's first PCR proceedings (*Id.* at 237-38); as Exhibit P, the April 14, 2023, Arizona Court of Appeals memorandum decision granting review but denying relief in Petitioner's fourth PCR proceedings (*Id.* at 240-43); as Exhibit Q, Petitioner's second PCR counsel's August 29, 2020, review of the proceedings and notice of no colorable claim in Petitioner's third PCR proceedings (*Id.* at 245-55); as Exhibit R, the

superior court's June 2, 2020, order appointing second PCR counsel to represent Petitioner in his third PCR proceedings and "to address the issue of ineffective assistance of counsel" (*Id.* at 257); as Exhibit S, Petitioner's reply to the state's response to his first PCR petition (*Id.* at 259-65); as Exhibit T, first PCR counsel's November 28, 2018, motion to withdraw as attorney of record at the conclusion of Petitioner's first PCR proceedings in superior court (*Id.* at 267-68); as Exhibit U, the PCR notice initiating Petitioner's third PCR proceedings (*Id.* at 270-75); as Exhibit V, the July 14, 2014, superior court pretrial conference minute entry (*Id.* at 277); and as Exhibit W, a April 24, 2014, Yavapai County Attorney's Office disclosure notice (*Id.* at 279-83).

In the Answer, Respondent argues that the Petition was untimely filed (Doc. 7 at 3-6).  In addition, Respondent argues that Petitioner's claim is procedurally defaulted without excuse (*Id.* at 7-10).  Due to clear procedural bar of Petitioner's claim, Respondent requests that the Court should deny a certificate of appealability (*Id.* at 10).

In reply, Petitioner argues that the Petition was timely filed and that the Petition's claim is not procedurally defaulted (Doc. 8).  Petitioner argues that the date a conviction becomes "final" under 28 U.S.C. § 2244(d)(1)(A) is not when the first instance of review concludes, but when review concludes for the particular claim being raised in habeas proceedings (Doc. 8 at 1-3).  In addition, Petitioner argues that the Petition is not subject to procedural default because the Arizona Court of Appeals' decision was "inadequate on state procedural grounds," and alternatively that his first PCR counsel's "inefficacy and abandonment" constitute cause and prejudice sufficient to excuse procedural default (*Id.* at 3-9).  Also, Petitioner objects to Respondent's request for a denial of a certificate of appealability (*Id.* at 9).

### III.    TIMELINESS

Respondent asserts that the Petition was untimely filed (Doc. 7 at 3-6).  Thus, a threshold issue for the Court is whether these habeas proceedings are time-barred by the applicable statute of limitations. The Court must resolve the time-bar issue before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*,

1    281 F.3d 920, 921-22 (9th Cir. 2022).

2        As set forth below, Respondent's time calculations are not entirely accurate, but the

3    Petition was nevertheless untimely filed by over three years.

4    **A. Starting Date of AEDPA's One-Year Limitations Period**

5        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

6    Petitioner's habeas proceedings because he filed his Petition after April 24, 1996, the date

7    AEDPA became effective. *Patterson v. Steward*, 251 F.3d 1243, 1245 (9th Cir. 2001)

8    (citing *Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000)).

9        AEDPA provides a one-year statute of limitations period. *See* 28 U.S.C. §

10   2241(d)(1). Under AEDPA, there are four possible starting dates for the beginning of its

11   one-year statute of limitations period:

12       (A)    the date on which the judgment became final by the conclusion of
               direct review or the expiration of the time for seeking such review;
13

14       (B)    the date on which the impediment to filing an application created by
               State action in violation of the Constitution or laws of the United
15             States is removed, if the applicant was prevented from filing by such
               State action;

16       (C)    the date on which the constitutional right asserted was initially
               recognized by the Supreme Court, if that right has been newly
17             recognized by the Supreme Court and made retroactively applicable
               to cases on collateral review; or
18

19       (D)    the date on which the factual predicate of the claim or claims
               presented could have been discovered through the exercise of due
20             diligence.

21   28 U.S.C. § 2244(d)(1). The latest of the applicable possible starting dates is the operative

22   start date. *Id.*

23       Because the Petitioner's claim arises from a final judgment, AEDPA's one-year

24   statute of limitations start date is determined by 28 U.S.C. § 2244(d)(1)(A) unless a later

25   start date applies under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Petitioner does not assert

26   there was unconstitutional state action preventing Petitioner from filing a habeas petition.

27   28 U.S.C. § 2244(d)(1)(B). Nor does Petitioner assert a newly recognized constitutional

28   right made retroactively applicable to cases on collateral review. 28 U.S.C. §

     2244(d)(1)(C). Nor does Petitioner assert that the factual predicate of his claim could not

have been discovered through exercise of due diligence during the applicable limitations period under 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(1)(D).  Upon careful review, the record does not present any basis for a later start date pursuant to 28 U.S.C. § 2244(d)(1)(B), (C), or (D).  Thus, under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year statute of limitations period runs from when the judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review."

In Arizona, a defendant who pleads guilty waives the right to direct appeal and may seek review only by collaterally attacking his convictions through PCR proceedings under Ariz. R. Crim. P. 32 (now Rule 33).[4]  *See* Ariz. R. Crim. P. 17.2(3); A.R.S. § 13-4033(B).  At the time of Petitioner's sentencing, Rule 32.4(a)(2)(C) required that an of-right PCR notice be filed within ninety (90) days after entry of judgment and sentence.  When the Rule 32 (now Rule 33) of-right proceeding concludes or the time for filing such expires, a conviction becomes "final" for purposes of § 2244(d)(1)(A) of AEDPA.  *Summers v. Schriro*, 481 F.3d 710, 711, 716-17 (9th Cir. 2007); *see also* A.R.S. § 13-4033(B).  Thus, when an Arizona petitioner's PCR proceeding is of-right because of a guilty plea, AEDPA's statute of limitations begins to run upon conclusion of review or the expiration of the time for seeking such review in the of-right PCR proceedings.  *Summers*, 481 F.3d at 711, 716-17.

In contrast, Petitioner argues that the date a conviction becomes "final" under 28 U.S.C. § 2244(d)(1)(A) is not when direct review concludes of Petitioner's of-right PCR proceedings, but when review concludes for the particular claim being raised in habeas proceedings, even when that claim is untimely raised in a successive PCR proceeding and

---

[4] Effective January 1, 2020, former Arizona Rules of Criminal Procedure ("Rules") 32 and 33 were abrogated, and new Rules 32 and 33 were adopted.  *See* Arizona Supreme Court Order No. R-19-0012.  As a general matter, the substance of former Rule 32 was divided among the two new rules based on whether a defendant was convicted at trial (new Rule 32) or pleaded guilty or no contest (new Rule 33).  *See id.*  New Rule 33 thus encompasses the rules applicable to a defendant's right to seek post-conviction relief when the defendant is convicted by guilty plea.  New Rule 32 and new Rule 33 apply to "all actions filed on or after January 1, 2020," and to "all other actions pending on January 1, 2020, except to the extent that the court in an affected action determines that applying the rule or amendment would be infeasible or work an injustice, in which event the former rule or procedure applies."  Arizona Supreme Court Order No. R-19-0012.

the state court finds the claim untimely raised in the successive PCR proceeding (Doc. 8 at 1-3; *see also* Doc. 1 at 14).  Accordingly, Petitioner argues that the judgment at issue became final on February 26, 2024, ninety days after the Arizona Supreme Court denied review of the court of appeal's affirmance of the superior court's untimeliness dismissal of Petitioner's fourth PCR proceedings (*Id.*).  Petitioner's argument is not supported by the plain language of AEDPA and is in contradiction with well-established law interpreting AEDPA.  *See* 28 U.S.C. § 2244(d)(1)(A) (AEDPA's one year limitation period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Summers*, 481 F.3d at 711, 715-17 (holding that an of-right first PCR proceeding under Arizona's post-conviction rules after a conviction by guilty plea is direct review under AEDPA and distinguishing this of-right first PCR proceeding from subsequent PCR proceedings).

     In support of his argument that the Arizona Supreme Court's denial of review in Petitioner's untimely fourth PCR proceedings is the operative final judgment, Petitioner cites *Jimenez v. Quarterman*, 555 U.S. 113 (2009), wherein the state court had granted the Petitioner the right to file an out-of-time direct appeal during state collateral review.  However, the *Jimenez* decision is a "narrow one," tolling the final judgment date in the unique circumstance wherein the state court reopened the petitioner's direct appeal upon discovering that the petitioner had been denied his right to a meaningful appeal by never receiving his appellate counsel's brief pursuant *Anders v. California*, 386 U.S. 738 (1967), or notice that his case had been dismissed.  *Jimenez*, 555 U.S. at 121, 115-16.  In contrast here, at every level in Petitioner's fourth PCR proceedings, the Arizona state courts refused to grant Petitioner leave for untimely merits review of the ineffective assistance of counsel claim raised in these habeas proceedings.  Petitioner also cites *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).  However, that case used the claim-by-claim application of the statute of limitations to bar untimely claims from piggybacking off a singular timely claim.  *Id.* at 1171, 1174.  *Mardesich* does not support Petitioner's argument that a successive, untimely PCR petition restarts AEDPA's statute of limitations.  Rather, Ninth Circuit law

is clear that once the statute of limitations has run, subsequent PCR proceedings do not "restart" the clock.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Thus, the Court rejects Petitioner's argument regarding the start date of AEDPA's statute of limitations period and instead adopts the analysis and calculation in Respondent's Answer (Doc. 7 at 3-4).  More specifically, following Petitioner's sentencing in Yavapai County Superior Court case number P1300CR201301146 on September 19, 2017, Petitioner filed timely of-right first PCR proceedings in the superior court.  After denial of relief in the superior court, Petitioner timely filed a petition for review in the court of appeals, which the court of appeals denied on March 28, 2019 (Doc. 2-1 at 237-38).  Petitioner then had thirty (30) days to file for review with the Arizona Supreme Court.  *See* Ariz. R. Crim. P. 32.9(g) (2018); Ariz. R. Crim. P. 31.21(b)(2)(A) (2018).  Because the thirty days fell on Saturday, April 27, 2019, Petitioner had until Monday, April 29, 2019, to file a petition for review with the Arizona Supreme Court.  *See* Ariz. R. Crim. P. 1.10(a)(2).  Petitioner did not seek review; thus, Petitioner's convictions and sentences became final on April 29, 2019.  *See Melville*, 68 F.4th at 1159 (holding that judgment becomes final after the completion of period to file petition for review expires).

Therefore, absent statutory tolling, the one-year statute of limitations began running the following day, 28 U.S.C. § 2244(d)(1)(A), and Petitioner's habeas petition was due no later than April 29, 2020.  *See Patterson*, 251 F.3d at 1247 ("Excluding the day on which [the prisoner's] petition was denied by the Supreme Court, as required by Rule 6(a)'s 'anniversary method,' [AEDPA's] one-year grace period began to run on June 20, 1997 and expired one year later, on June 19, 1998. . . .").  Petitioner did not file these habeas proceedings until February 24, 2025 (Docs. 1, 2).

Accordingly, these habeas proceedings were untimely filed unless statutory tolling, equitable tolling, and/or the actual innocence gateway apply to render these proceedings timely filed and/or to excuse the untimely filing of these proceedings.

**B. Statutory Tolling**

AEDPA expressly provides for statutory tolling of the limitations period when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A collateral review petition is "properly filed" when its delivery and acceptance are in compliance with state rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). This includes compliance with filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-13 (2005). A state post-conviction relief petition not filed within the state's required time limit is not "properly filed," and the petitioner is not entitled to statutory tolling during those proceedings. *Id.* at 214 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under AEDPA's tolling provision, and reiterating its holding in *Pace*, 544 U.S. at 414). Once the statute of limitations has run, subsequent PCR petitions do not "restart" the clock. *Jimenez*, 276 F.3d at 482; *Ferguson*, 321 F.3d at 823.

Respondent acknowledges that Petitioner filed his second PCR proceedings before the statute of limitations expired, and Respondent agrees that statutory tolling applies for the pendency of Petitioner's second PCR proceedings (Doc. 7 at 4-5). Indeed, Petitioner's second PCR proceedings were denied by the superior court, but not because of untimeliness (Doc. 2-1 at 148).[5] Nevertheless, Respondent's analysis errs by not taking into account the 2023 Ninth Circuit opinion in which the Ninth Circuit confirmed the applicability of the prisoner mailbox rule in Arizona state PCR proceedings for calculating statutory tolling of AEDPA's one-year limitations period. *Melville*, 68 F.4th at 1154.

Applying the prison mailbox rule for the pro se second PCR proceedings insofar as Petitioner signed the second PCR notice on February 5, 2020, *see* footnote 2, *supra*, and

---

[5] After the completion of Petitioner's first PCR proceedings before May 2019, Petitioner had thirty days to file a successive notice of PCR challenging the ineffective assistance of PCR counsel. *See* former Ariz. R. Crim. P. 32.4(a); *State v. Pruett*, 185 Ariz. 128, 131, 912 P.2d 1357, 1360 (1995). Even though not denied as untimely, the second PCR proceedings appear untimely as to even its claims of ineffective assistance of counsel regarding first PCR counsel.

allowing statutory tolling through when Petitioner could have sought review of the superior court's denial at the court of appeals, *see Melville*, 68 F.4th at 1159-1160, Petitioner's second PCR proceedings began pending on February 5, 2020, and ceased pending on June 12, 2020, thereby tolling AEDPA's one-year statute of limitations period for the eighty-five (85) days remaining of AEDPA's limitations period from February 5, 2020, through April 29, 2020. In addition, Petitioner initiated his third PCR proceedings with a filing which he hand-dated May 15, 2020 (Doc. 2-1 at 272). Petitioner's third PCR proceedings remained pending through thirty days after the superior court denied relief on April 2, 2021, regarding which Petitioner did not petition for review. *See* Ariz. R. Crim. P. 33.16(a)(1). Thus, the statutorily tolled remaining eighty-five (85) days of AEDPA's limitations period began running on May 2, 2021, and expired on Monday, July 26, 2021. Petitioner filed these habeas proceedings on February 24, 2025, which was more than three years after the expiration of AEDPA's one-year statute of limitations period.[6]

Petitioner's fourth PCR proceedings do not change this result. Because untimely PCR proceedings do not statutorily toll AEDPA's limitations period, *Pace*, 544 U.S. at 414, Petitioner's untimely June 9, 2022, fourth PCR proceedings (*see* Doc. 2-1 at 242) did not toll the limitations period. Moreover, because Petitioner's June 2022 fourth PCR proceedings (Doc. 2-1 at 197-202) were filed after AEDPA's limitations period expired, the fourth PCR proceedings could not restart AEDPA's limitations period. *See Jiminez*, 276 F.3d at 482; *Ferguson*, 321 F.3d at 823.

Accordingly, these habeas proceedings were untimely filed by more than three years unless equitable tolling and/or the actual innocence gateway apply to excuse Petitioner's untimely filing of these proceedings. As set forth below, Petitioner argues neither and neither applies.

### C. Equitable Tolling

The U.S. Supreme Court has held "that § 2244(d) is subject to equitable tolling in

---

[6] May 2, 2021, was a Sunday; even if the eighty five (85) days began to run on Monday, May 3, 2021, and AEDPA's limitations period expired on July 27, 2021, these habeas proceedings were filed over three years after the expiration of AEDPA's one-year statute of limitations period.

1    appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). AEDPA's limitations
2    period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.
3    *Id.* at 645-46. Petitioner bears the burden of establishing that equitable tolling is warranted.
4    *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our
5    precedent permits equitable tolling of the one-year statute of limitations on habeas
6    petitions, but the petitioner bears the burden of showing that equitable tolling is
7    appropriate.").

8            The Ninth Circuit Court of Appeals will permit equitable tolling of AEDPA's
9    limitations period "only when an extraordinary circumstance prevented a petitioner acting
10   with reasonable diligence from making a timely filing." *Smith v. Davis*, 953 F.3d 582, 600
11   (9th Cir. 2020) (en banc). Put another way, for equitable tolling to apply, Petitioner must
12   show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary
13   circumstance stood in his way" to prevent him from timely filing a federal habeas petition.
14   *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). To meet the first prong,
15   Petitioner "must show that he has been reasonably diligent in pursuing his rights not only
16   while an impediment to filing caused by an extraordinary circumstance existed, but before
17   and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at
18   598-99 (expressly rejecting the "stop-clock" approach to equitable tolling). The second
19   prong is met "only when an extraordinary circumstance prevented a petitioner acting with
20   reasonable diligence from making a timely filing." *Id.* at 600.

21           "The diligence required for equitable tolling purposes is reasonable diligence, not
22   maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal ciatations and quotations
23   omitted). Whether to apply the doctrine of equitable tolling "is 'highly fact-dependent,'
24   and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'"
25   *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations
26   omitted); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that
27   equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger
28   equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule")

(citations and internal emphasis omitted).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness."). A literal impossibility to file, however, is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so."). "The grounds for equitable tolling are highly fact-dependent." *Id.* (quoting *Sossa*, 729 F.3d at 1237).

Nevertheless, a petitioner's *pro se* status, indigence, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See Rasberry*, 448 F.3d at 1154 ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see, e.g.*, *Ballesteros v. Schriro*, No. CIV 06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) ("A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling."). A prisoner's "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

In the timeliness section of the Petition, Petitioner does not argue that his circumstances warrant equitable tolling. This is rightly so.

Petitioner has not shown that he has diligently pursued his rights in trying to file a habeas petition. Petitioner was sentenced in 2017, and his first filing of federal habeas proceedings is this matter filed in February 2025. The basis of Petitioner's claim in these proceedings existed before Petitioner's sentencing. At latest, the basis of Petitioner's claim

was known to Petitioner during his first PCR proceedings when he filed a pro se petition for review to the Arizona Court of Appeals more than four years before the filing of these habeas proceedings.

Neither has Petitioner shown diligence in pursuing his rights in his state court. For example, after his first counseled PCR petition was denied by the superior court on September 5, 2018, Petitioner filed a pro se petition for review, which the court of appeals denied on March 28, 2019 (Doc. 2-1 at 89, 237-38). Petitioner did not petition the Arizona Supreme Court for review. Further, Petitioner did not timely exercise his right to file a successive PCR petition to raise ineffective assistance of his first PCR counsel pursuant former Ariz. R. Crim. P. 32.1. Rather, over ten months after the court of appeals denied review in his first PCR proceedings, Petitioner initiated his second PCR proceedings raising ineffective assistance of first PCR counsel. Moreover, Petitioner did not seek review in the Arizona Court of Appeals regarding the superior court results of his second PCR proceedings and third PCR proceedings.

Furthermore, Petitioner has not shown that any extraordinary circumstance stood in his way to prevent the filing of a timely habeas petition. *Holland*, 560 U.S. at 649. Petitioner's prior pro se status and PCR attorney withdrawals are not extraordinary circumstances in themselves to warrant equitable tolling. *See Rasberry*, 448 F.3d at 1154; *Ballesteros*, 2007 WL 666927, at *5. Negligence of state court appointed counsel is not a basis for equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002). For application of equitable tolling, a petitioner must establish that due to circumstances beyond the petitioner's control that he could not have filed "a basic form habeas petition" within the limitations period, despite exercising reasonable diligence. *Waldron-Ramsey*, 556 F.3d at 1014 (denying tolling when a petition was 340 days late because, for three years, the petitioner had access to all necessary documents to raise his habeas claim). Even without counsel, a petitioner can "develop[] that argument, outline[] the other arguments and the facts underlying those arguments on the form habeas petition, and then [seek] to amend his petition when he [gets] more information." *Id.* Further, even if a petitioner

faces difficulties in accessing legal materials, the petitioner is not entitled to equitable tolling absent credible allegations that the petitioner was denied access to a particular document when needed. *Id.*

Here, Petitioner made several filings in his state court PCR proceedings without the assistance of an attorney, including a petition for review in his first PCR proceedings (Doc. 2-1 at 238, ¶ 4); a PCR petition in his second PCR proceedings (Doc. 2-1 at 91-146; *see id.* at 148); as well as a notice and PCR petition in his third PCR proceedings (*Id.* at 270-75, 150-92).

The circumstances reflected in the record demonstrate that Petitioner could timely bring the present habeas claim in this Court, based on the existing law at the time of Petitioner's sentencing and resources available to him before and shortly after sentencing. The United States Supreme Court case law on which Petitioner's claim relies, *Strickland v. Washington*, 466 U.S. 668 (1984), was decided more than three decades before Petitioner's sentencing. Furthermore, the facts of Petitioner's claim that trial counsel was ineffective for allowing and/or inducing Petitioner to enter into his plea agreement were available and well-known to the Petitioner at the time of sentencing and throughout his of-right first PCR proceedings. Indeed, Petitioner had opportunity to discuss the underlying facts of his habeas claim with his appointed first PCR counsel several months after sentencing. Petitioner's first counseled PCR petition, filed on April 23, 2018, and amended petition, filed on July 12, 2018, alleged ineffective assistance of counsel (Doc. 2-1 at 18-28, 30-87), and Petitioner raised the issue himself in his timely pro se petition for review of its denial (*See id.* at 238, ¶ 4). Any argument that Petitioner's lack of counsel or legal understanding throughout state court proceedings prevented Petitioner from properly filing his present ineffective assistance of counsel claim lacks merit.

Petitioner has not met his burden of demonstrating that equitable tolling applies to excuse his untimely filing of these proceedings.

### D. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-396 (2013), the Supreme Court held

that the "actual innocence gateway" to federal habeas review that applies to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995), and *House v. Bell*, 547 U.S. 518 (2006), extends to petitions that are time-barred under AEDPA. *See Schlup*, 513 U.S. at 329 (holding that petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt").

To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, at 399 (quoting *Schlup*, 513 U.S. at 327). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. *See also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin*, 569 U.S. at 399 (2013) (explaining the significance of an "[u]nexplained delay in presenting new evidence"). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

Petitioner provides no new, reliable evidence of his actual innocence in this matter, but rather his argument of ineffective assistance of counsel implies legal insufficiency. Legal insufficiency cannot excuse the untimely filing of these proceedings. *See Bousley*, 523 U.S. at 623; *Hageman v. Hill*, 314 F. App'x 996, 997-98 (9th Cir. 2009) (finding *Schlup* gateway unavailable where the trial evidence may have been legally insufficient but presents no evidence of habeas petitioner's actual innocence). Petitioner submitted several exhibits with his Petition, all of which were record materials in Petitioner's state court proceedings (Doc. 2-1). Significantly, Petitioner's exhibits are not new evidence of Petitioner's factual innocence.

Petitioner does not argue, let alone establish, that the materials he submitted to the Court demonstrate the type of actual innocence required to excuse an untimely filing of habeas proceedings. Nor does Petitioner argue, let alone establish, that his attachments are new reliable evidence that would more likely than not prevent a jury from convicting him. Thus, the actual innocence gateway does not apply to excuse Petitioner's untimely filing of these proceedings.

### E. These Proceedings Are Untimely Under AEDPA

As explained above, these habeas proceedings were untimely filed by more than three years, and neither equitable tolling nor the actual innocence gateway excuse the untimely filing of these proceedings.

## IV. CONCLUSION

For the reasons set forth above, the February 24, 2025, Petition (Docs. 1, 2) was untimely filed by more than three years without adequate excuse for the untimely filing. Because the Petition was untimely filed without excuse, the Court does not reach Respondent's procedural default argument. Due to the untimeliness, it is recommended that the Petition be dismissed with prejudice and that the Clerk of Court be directed to terminate this matter.

Assuming the recommendation herein is followed in the District Judge's judgment, it is recommended that a certificate of appealability be denied because dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition (Docs. 1, 2) be dismissed with prejudice and that the Clerk of Court be directed to terminate this matter.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's

judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties shall have fourteen days within which to file responses to any objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.  In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 27th day of June, 2025.

Honorable Deborah M. Fine
United States Magistrate Judge